**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA,**
**WESTERN DIVISION**

IN RE:                                                            BK 07-71809-CMS-13
JESSE GILMORE
Social Security No. XXX-XX-3794

      **Debtor.**

## CONFIRMATION ORDER

Notice of a hearing on confirmation of debtor's Chapter 13 plan, dated October 10, 2007, having been given to the debtor and all scheduled creditors; and the hearing having been held on December 11, 2007, it is hereby
      **ORDERED, DECREED AND ADJUDGED:**
1. The debtor's plan is hereby **CONFIRMED**.

2. Each creditor must file a written proof of claim in the form provided by law to participate in disbursements under the plan. Claims will be paid as duly filed, without hearing, unless a written objection is filed as provided by the Bankruptcy Code. If an objection is filed, the court will conduct a hearing to determine the allowed amount of the claim.

3. The debtor shall pay C. David Cottingham, Standing Trustee, **$100.00 per bi-weekly for 60 months** beginning immediately, out of which costs and administrative fees of **$274.00** shall be paid. From the funds paid to the trustee, attorney's fees of **$2,300.00** are allowed to **MARSHALL A. ENTELISANO**, **$300.00** payable as part of initial administrative costs, and **$50.00** per month until paid in full. If proper proofs of claim are filed, the remaining plan funds will be paid in the following way:

| | | | | | |
|---|---|---|---|---|---|
| **Auto Max USA** | Claim # | 1 | $ 109.77 | Per month | 8% |
| **State of Alabama DHR** | Claim # | 3 | 11.41 | Per month | 0% |

**FOLLOWING CREDITORS PAID DIRECT BY DEBTOR:**

**TOWNSEND FORD:** Regular monthly payments on lease on 1999 Chevrolet Tahoe. Debtor's assumption of unexpired lease on 1999 Chevrolet Tahoe is approved.

**By agreement, in the event the debtor(s) receives any money from the lawsuit scheduled then the money recovered above the amount claimed exempt shall be paid to the Chapter 13 Standing Trustee to be distributed to Creditors.**

The trustee shall distribute the balance left after these fixed payments pro rata among the debtor's other creditors with allowed proofs of claim with payment continuing until these claimants have been paid **100.00%** of their allowed debt. Any debt not addressed by this order shall be administered in accordance with the debtor's confirmed plan and applicable law.

All creditors whose claims are paid direct by Debtor are granted limited relief from automatic stay to contact the Debtor by mail or telephone concerning the payment of post-petition (no pre-petition) monthly installment payments.

BK # 07-71809-CMS-13
PAGE 2

4. Property of the estate – "[T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." Telfair v. First Union Mortgage Corporation (In re Telfair), 216 F.3d 1333, 1346 (11th Cir. 2000). The debtor may not dispose of or place any lien upon any property without the consent of the court. Pursuant to 11 U.S.C. § 1305, the debtor may not incur any new debts without the court's consent.

**DONE and ORDERED** this December 18, 2007.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge